NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-17536 |
| Plaintiff-Appellee, | D.C. No. 4:09-cv-00178-DCB |
| v. | |
| FERNANDO ARANGO, AKA Fernando Arango-Villegas, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

Before:  WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Fernando Arango appeals the revocation of his citizenship under 8 U.S.C.

§ 1451(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arango first argues that laches bars this denaturalization action.  "Laches

requires proof of (1) lack of diligence by the party against whom the defense is

asserted, and (2) prejudice to the party asserting the defense."  *Costello v. United*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*States*, 365 U.S. 265, 282 (1961). We need not decide whether laches applies. *See United States v. Dang*, 488 F.3d 1135, 1143–44 (9th Cir. 2007) ("It remains an open question in this circuit as to whether laches is a permissible defense to a denaturalization proceeding."). Even assuming laches is a permissible defense, Arango's claim fails as the district court did not err in concluding that Arango failed to prove lack of diligence by the government.[1]

The government's delay in bringing this denaturalization action was reasonable. When Arango applied for naturalization, his own false statements before and during his interview caused the government's delay in uncovering his sham marriage, which was ultimately the basis of these denaturalization proceedings. In addition, the decision to hire Arango as a border patrol agent does not prove a lack of diligence because the government did no more than check that his naturalization certificate bore his name and was not forged, and Arango does not show why the government had to do more. Once Agent Stanley Ward pieced together Arango's full immigration history, the government moved swiftly to begin denaturalization proceedings. Any delay was reasonable, especially considering that no statute places a time limit on denaturalization actions and the government

---

[1] Because Arango's argument fails under any potential standard of review, we need not resolve the intracircuit split over the correct standard for reviewing laches decisions. *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 n.1 (9th Cir. 2012).

has broad discretion when prioritizing resources in the immigration context. *See Arizona v. United States*, 132 S. Ct. 2492, 2499 (2012).[2]

Arango next argues that he had a Sixth Amendment right to a jury trial in these denaturalization proceedings. As the Supreme Court has made clear, denaturalization actions, which in nature are civil, not criminal, "assuredly [do] not involve an adjudication to which the Sixth Amendment right to jury trial attaches." *United States v. Gaudin*, 515 U.S. 506, 522 (1995).

**AFFIRMED.**

---

[2] In light of this conclusion, we need not reach Arango's evidentiary argument related to prejudice.

*United States v. Arango*, No. 14-17536

WALLACE, Circuit Judge, concurring:

I concur in the majority's judgment. I write separately because the majority does not address the threshold question in this case: whether laches is a viable defense against the United States in a denaturalization proceeding. In *United States v. Dang*, we acknowledged that "[i]t remains an open question in this circuit as to whether laches is a permissible defense to a denaturalization proceeding." 488 F.3d 1135, 1143–44 (9th Cir. 2007). *Dang*, however, assumed for the sake of argument that laches was a permissible defense, and held that the defendant had failed to establish laches. *Id*. at 1144. The majority follows the *Dang* approach in the present case. Instead of pitching around this issue, we should address it head on.

The only circuit to have answered this question directly is the Sixth Circuit, which held that laches is not a permissible defense in this context. *See United States v. Mandycz*, 447 F.3d 951, 964–965 (6th Cir. 2006). *Mandycz* examined the history of the laches defense and concluded that "[b]ecause the United States acted in its sovereign capacity when it sought to denaturalize Mandycz, the common law doctrine of laches does not apply." *Id*. at 964. I believe we should endorse the Sixth Circuit's reasoning and I advocate that our circuit adopt it. The words of the immigration statute, combined with the history and purpose of the laches defense, suggest that it should not apply to this context against sovereigns such as the

United States. Moreover, in the immigration arena, people who have procured citizenship by way of fraud should not be allowed to escape denaturalization via the laches trap door.

Our circuit possesses an overwhelming immigration docket. There is no indication that our immigration docket will decrease in the foreseeable future. Accordingly, we should resolve this issue now and provide appropriate guidance to the lower courts.